**EXHIBIT "1"**

Naren Chaganti, SBN 209347
1257 Poplar Ave, #C
Sunnyvale, CA 94086
(650) 248-7011 Phone
(888) 640-9853 Fax
Naren@Chaganti.com E-mail

Plaintiff

E-FILED
10/4/2021 8:56 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV389465
Reviewed By: A. Villanueva

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA
SAN JOSE, CALIFORNIA**

| | |
|---|---|
| Naren Chaganti,<br><br>  Plaintiff,<br><br>vs.<br><br>Fifth Third Bank and Edward F. "Ted" Luby,<br><br>and Does 1-5.<br><br>  Defendants | Case No. :  21CV389465<br><br>**COMPLAINT FOR BREACH OF CONTRACT, NEGLIGENCE, BREACH OF UNIFORM FIDUCIARIES LAW, FRAUD IN THE INDUCEMENT, LEGAL MALPRACTICE, CONSPIRACY TO COMMIT INJURY**<br><br>**JURY TRIAL REQUESTED** |

  COMES NOW, Plaintiff, and complains against Defendants Fifth Third Bank and Edward F. "Ted" Luby, and Does 1-5 as follows.

  1. At all times relevant herein, Plaintiff is and has been a resident of California.

  2. Defendant Fifth Third Bank (hereafter, "bank") is a Cincinnati, Ohio bank which is registered with California as Fifth Third Bank N.A. and conducts business throughout California.

  3. Edward "Ted" Luby (hereafter, "Luby") is a lawyer in Missouri who represented Plaintiff in a dispute with Fifth Third Bank.

  4. Defendants named as "Does 1-5" are believed to be individuals including attorneys or agents of Fifth Third Bank whose identities and/or roles are not known at the time the complaint is filed, and



- 1 -
Complaint
*Naren Chaganti v. Fifth Third Bank and Edward "Ted" Luby*

therefore these entities are given fictitious names. Plaintiff will substitute the real names and describe the role of these fictitiously named defendants in an amendment the Complaint after such facts are discovered by Plaintiff.

5. In October 2008, Fifth Third Bank opened two business trust accounts for Whispering Oaks RCF Management Co Inc ("Whispering Oaks"), a business, in suburban St Louis.

6. The purpose of the trust accounts was to hold funds for others who were under the care of Whispering Oaks operated a business in Wildwood, Missouri. The funds were regulated by state and federal laws and were to be used only for the purposes of the trust beneficiaries.

7. The first one of these accounts had Naren Chaganti, President of Whispering Oaks, and Amanda Palazzolo, his secretary as signors ("the first account").

8. The second account had only Naren Chaganti as permitted signor ("the second account").

9. Naren Chaganti gave instructions to the bank that the first account should have controls on the account as to withdrawals, and in view of theft of funds that occurred or suspected in the past at a different bank, the funds handled by Amanda Palazzolo should be monitored carefully and she should not have access to without telephone authorization by Naren Chaganti.

10. The bank was not only orally instructed to follow these instructions but the bank in fact entered the instructions in its computers. Every teller and manager of the bank knew these

instructions, and was personally familiar with both Amanda Palazzolo and Naren Chaganti.

11. Between January 2010 and July 2010, Amanda Palazzolo went to a different branch of the Fifth Third Bank, the Valley Park branch, and withdrew $9000 without authorization, which withdrawal was facilitated as a result of the bank's utter failure to follow the instructions given to it as well as its own internal safeguards.

12. This information did not come to light until about the end of July 2010, by which time the funds were depleted from all accounts.

13. Though Plaintiff notified the bank within hours of discovery of the improper withdrawals, Fifth Third Bank failed to conduct timely and proper investigation.

14. Fifth Third Bank gave false assurances to Plaintiff that it was in fact investigating the incident, and that Plaintiff should wait to be informed of the result of its investigation.

15. For more than two years Fifth Third Bank gave Plaintiff the run-around and stated that it still was investigating in consultation with officials in its headquarters, asking Plaintiff to be patient.

16. Fifth Third Bank also failed to file a claim with its insurance company to cover Plaintiff's losses.

17. In particular, the bank was aware that Amanda Palazzolo was a fiduciary of Plaintiff.

18. The bank facilitated withdrawal of trust funds for personal use by Amanda Palazzolo.

19. The bank benefited from the withdrawals by Amanda Palazzolo in part by charging a fee for each of the withdrawals.

20. In view of the instructions given to the bank at the time the two trust fund accounts were opened, the bank was with actual knowledge that Amanda Palazzolo was not authorized to use the trust funds for her own purposes.

21. The bank acted in bad faith in facilitating withdrawals by Amanda Palazzolo in her capacity as a fiduciary.

22. Amanda Palazzolo breached her duty as a fiduciary of Plaintiff when she withdrew funds from the trust funds for her own use.

23. Because the funds were misappropriated, Naren Chaganti President of Whispering Oaks, paid the funds, and in return, obtained an assignment of the right to sue.

**FIRST CAUSE OF ACTION**

**AGAINST FIFTH THIRD BANK**

**(BREACH OF CONTRACT)**

24. Plaintiff incorporates by reference all allegations in Paragraphs 1-23.

25. Fifth Third Bank is in breach of contract with Whispering Oaks, which breach resulted in damage to Plaintiff via Whispering Oaks.

26. Plaintiff therefore seeks relief.

WHEREFORE, PREMISES STATED, Plaintiff respectfully petitions the Court to grant judgment against Fifth Third Bank such amounts in compensatory damages, attorney's fees and costs of suit to the fullest extent as is permitted by law and as proven at trial, including pre-judgment and post-judgment interest at the lawful

rate on said amounts. The Court is requested to grant such other and further relief as is proper and just.

## SECOND CAUSE OF ACTION

## AGAINST FIFTH THIRD BANK

## (NEGLIGENCE)

27. Plaintiff incorporates by reference all allegations in Paragraphs 1-23 above.

28. Fifth Third Bank's failure to follow instructions and its internal safeguards was the bank's breach of its duty to Whispering Oaks as a customer of the bank, which breach resulted in damage to Plaintiff via Whispering Oaks.

29. Plaintiff therefore seeks relief.

WHEREFORE, PREMISES STATED, Plaintiff respectfully petitions the Court to grant judgment against Fifth Third Bank such amounts in compensatory damages, punitive damages, attorney's fees and costs of suit to the fullest extent as is permitted by law and as proven at trial, including pre-judgment and post-judgment interest at the lawful rate on said amounts. The Court is requested to grant such other and further relief as is proper and just.

## THIRD CAUSE OF ACTION

## AGAINST FIFTH THIRD BANK

## (BREACH OF UNIFORM FIDUCIARIES LAW – CONVERSION)

30. Plaintiff incorporates by reference all allegations in Paragraphs 1-23 above.

31. Fifth Third Bank was fully aware that the funds held in the accounts were trust funds, and that Amanda Palazzolo was not a

beneficiary of the trust, nor did she have authority to use the funds for her own purposes.

32. Fifth Third Bank's failure to follow instructions and its internal safeguards was the bank's breach of its duty to Whispering Oaks as a customer of the bank under one or more sections of the Uniform Fiduciaries Law (UFL) for permitting Amanda Palazzolo to withdraw funds from the bank and causing loss to plaintiff.

33. The bank is therefore liable to Plaintiff via assignment from Whispering Oaks.

WHEREFORE, PREMISES STATED, Plaintiff respectfully petitions the Court to grant judgment against Fifth Third Bank such amounts in compensatory damages, punitive damages, attorney's fees and costs of suit to the fullest extent as is permitted by law and as proven at trial, including pre-judgment and post-judgment interest at the lawful rate on said amounts. The Court is requested to grant such other and further relief as is proper and just.

## FOURTH CAUSE OF ACTION
## AGAINST FIFTH THIRD BANK
## (PROMISSORY FRAUD)

34. Plaintiff incorporates by reference all allegations in Paragraphs 1-23 above.

35. Fifth Third Bank, through its officers and managing agents, in particular April Ivey, who took instructions from Plaintiff, promised to follow Plaintiff's instructions with intent to induce reliance on Plaintiff's part and to obtain Plaintiff's commercial banking business.

36. At the time it promised to follow Plaintiff's instructions in order to secure Plaintiff's business, Fifth Third Bank had no intention of ever complying with the instructions Plaintiff gave to the bank.

37. At the time Fifth Third Bank promised to follow Plaintiff's instructions and at the time the accounts were opened in reliance thereof, Plaintiff was unaware that Fifth Third Bank had no intention of following Plaintiff's instructions.

38. But for Fifth Third Bank's promise to follow Plaintiff's instructions Plaintiff would not have entrusted the funds to the bank nor would Plaintiff have opened the two accounts with the bank.

39. Plaintiff would not have been able to, in the exercise of due diligence, find out that Fifth Third Bank's promises—that it would follow Plaintiff's instructions—were false or were made with no intention of complying with them.

40. Plaintiff reasonably relied on Fifth Third Bank's promises to follow its instructions.

41. Under the circumstances, Plaintiff's reliance on Fifth Third Bank's promises to Plaintiff—that it would follow Plaintiff's instructions to safeguard Plaintiff's funds—was both reasonable and justified.

42. Fifth Third Bank never instructed its employees to follow Plaintiff's instructions.

43. Fifth Third Bank did not impose adequate control mechanisms on Plaintiff's accounts to prevent unauthorized access of the funds therein.

44. Fifth Third Bank also failed to maintain complete and adequate records of the various transactions of Plaintiff with the bank.

45. As a direct and immediate consequence of the false promises by the bank, Plaintiff was damaged.

46. Plaintiff therefore seeks relief.

WHEREFORE, PREMISES STATED, Plaintiff respectfully petitions the Court to grant judgment against Fifth Third Bank such amounts in compensatory damages, punitive damages, attorney's fees and costs of suit to the fullest extent as is permitted by law and as proven at trial, including pre-judgment and post-judgment interest at the lawful rate on said amounts. The Court is requested to grant such other and further relief as is proper and just.

## FIFTH CAUSE OF ACTION

## AGAINST EDWARD F. "TED" LUBY

## (LEGAL MALPRACTICE)

47. Plaintiff incorporates by reference all allegations in Paragraphs 1-23 above.

48. In 2015, a suit for damages was filed against Fifth Third Bank in St Louis County Circuit Court.

49. In April 2019, by way of a written agreement and payment of retainer, Plaintiff hired Edward "Ted" Luby to be substituted as counsel for Plaintiff.

50. Ted Luby assured Plaintiff that he was qualified to represent Plaintiff, and that he would faithfully perform competent services as attorney for Plaintiff.

51. However, Ted Luby did not familiarize himself with the facts and the applicable law, and in May 2020, during the pandemic-imposed lockdown, wrote to Plaintiff that he withdrew from the case, though at the time a summary judgment motion was pending.

52. Unknown at the time, but what became apparent later was that Ted Luby secretly connived with the Defendant and its attorneys in order to sabotage a valid suit by obstructing Plaintiff from continuing to prosecute the suit.

53. Ted Luby failed to perform his services as a competent attorney, withdrew abruptly, filed false papers with the court of his true reasons to withdraw, and failed to preserve Plaintiff's ability to defend itself.

54. As a result, a judgment without notice or hearing was entered against Plaintiff, granting summary judgment to Defendant. But because the judgment was without notice or opportunity for Plaintiff to respond to, it is void and cannot act as a bar against this suit.

55. Plaintiff's numerous inquiries about the status of the case went unanswered.

56. It turns out that other than his entry of appearance, a document Plaintiff prepared for him, his only filing in the case was the motion to withdraw.

57. Ted Luby did not even purchase a deposition transcript which was required to respond to the summary judgment motion.

58. Ted Luby did not know the elements of the causes of action, nor did he know how to respond to a summary judgment motion.

59. These acts and omissions of Ted Luby damaged Plaintiff.

WHEREFORE, PREMISES STATED, Plaintiff respectfully petitions the Court to grant judgment against Ted Luby such amounts in compensatory damages, punitive damages, attorney's fees and costs of suit to the fullest extent as is permitted by law and as proven at trial, including pre-judgment and post-judgment interest at the lawful rate on said amounts. The Court is requested to grant such other and further relief as is proper and just.

## SIXTH CAUSE OF ACTION

## AGAINST EDWARD F. "TED" LUBY

### (FRAUD AND DECEIT)

60. Plaintiff incorporates by reference all allegations in Paragraphs 1-22, and 48-59 above.

61. At the time Ted Luby agreed to represent Plaintiff in the St Louis County case against Fifth Third Bank, Ted Luby did not disclose to Plaintiff that he was not qualified or experienced to represent Plaintiff in the suit against Fifth Third Bank, or his true intent to sabotage Plaintiff's case, or his prior relationship with Defendant's attorneys.

62. Not knowing of his true abilities, qualifications, experience or his secret intent to sabotage Plaintiff's case, or his prior relationship with Defendant's attorney, Plaintiff hired Ted Luby to prosecute the case against Fifth Third Bank.

63. As stated, Ted Luby is thoroughly unprepared and unqualified to litigate a civil case of this type.  Nevertheless, he gave false assurances that he would competently prosecute the case against Fifth Third Bank.

64. Had Plaintiff been aware of Ted Luby's lack of competence, lack of loyalty, lack of good faith, relationship with Defendant's attorneys or his secret intention to sabotage Plaintiff's case, Plaintiff would never have hired him.

65. Under the circumstances, Plaintiff's hiring of Ted Luby to prosecute the suit against Fifth Third Bank was reasonable and justified.

66. As a direct and proximate result of the omissions, concealment, false representations, and secret intention of Ted Luby to sabotage Plaintiff's suit, Plaintiff was damaged.

WHEREFORE, PREMISES STATED, Plaintiff respectfully petitions the Court to grant judgment against Ted Luby such amounts in compensatory damages, punitive damages, attorney's fees and costs of suit to the fullest extent as is permitted by law and as proven at trial, including pre-judgment and post-judgment interest at the lawful rate on said amounts. The Court is requested to grant such other and further relief as is proper and just.

### SEVENTH CAUSE OF ACTION

### AGAINST FIFTH THIRD BANK AND EDWARD F. "TED" LUBY

### (CONSPIRACY TO COMMIT INJURY)

67. Plaintiff incorporates by reference all allegations in Paragraphs 1-22, and 48-59 above.

68. On information and belief, Ted Luby secretly agreed with Fifth Third Bank and/or its attorneys or agents to not oppose the summary judgment motion after it was filed.

69. In accordance with the common plan or scheme to sabotage Plaintiff's case, Ted Luby and Fifth Third Bank agreed that Ted Luby would not work on responding to the bank's summary judgment motion, and instead withdrew from the case so that Plaintiff would be left with no representation.

70. At this time it is unclear if the attorneys or other agents working for Fifth Third Bank were personally involved or whether they merely acted as agents of the bank when they agreed with Ted Luby to sabotage Plaintiff's case.  If and when it becomes clear that attorneys representing the bank were personally involved in this conspiracy, Plaintiff will seek leave of Court to add them as defendants in this case.

71. Ted Luby did not seek a long-enough extension of time from the court or the bank to allow Plaintiff to file alternative counsel. Instead, Ted Luby, by sending a letter to Plaintiff's address in Sunnyvale, California, via regular mail, appeared ex parte in the court, made false representations, did not explain to the judge that Plaintiff was unable to travel due to the pandemic-induced locked down while overseas at the time, and obtained an order permitting his withdrawal.

72. As a direct and proximate result of the secret agreement and connivance of the bank and Ted Luby to sabotage Plaintiff's case, Plaintiff was damaged.

WHEREFORE, PREMISES STATED, Plaintiff respectfully petitions the Court to grant judgment against Fifth Third Bank and Ted Luby, jointly and severally, such amounts in compensatory damages,

punitive damages, attorney's fees and costs of suit to the fullest extent as is permitted by law and as proven at trial, including pre-judgment and post-judgment interest at the lawful rate on said amounts. The Court is requested to grant such other and further relief as is proper and just.

## EIGHTH CAUSE OF ACTION
## AGAINST FIFTH THIRD BANK
## (AIDING AND ABETTING)

73. Plaintiff incorporates by reference all allegations in Paragraphs 1-22, 48-59, and 68-71 above.

74. Ted Luby's actions constitute breach of fiduciary duty to Plalintiff.

75. Fifth Third Bank intended to and actively in fact aided and abetted the breach of fiduciary duty by Ted Luby, by, among other things.

76. As a direct and proximate result of the secret agreement and connivance of the bank and Ted Luby to sabotage Plaintiff's case, Plaintiff was damaged.

WHEREFORE, PREMISES STATED, Plaintiff respectfully petitions the Court to grant judgment against Fifth Third Bank, such amounts in compensatory damages, punitive damages, attorney's fees and costs of suit to the fullest extent as is permitted by law and as proven at trial, including pre-judgment and post-judgment interest at the lawful rate on said amounts. The Court is requested to grant such other and further relief as is proper and just.

////

**REQUEST FOR JURY TRIAL**

77. Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

Naren Chaganti, SBN 209347
Plaintiff