UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NAREN CHAGANTI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EDWARD "TED" LUBY, et al.,<br><br>　　　　　Defendants. | Case No.　5:22-cv-04180-EJD<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 16, 24 |

Plaintiff Naren Chaganti ("Plaintiff"), an attorney, initiated this suit in the Superior Court for the State of California, County of Santa Clara, asserting state law claims against Defendants Fifth Third Bank and Edward F. "Ted" Luby ("Luby"). Luby removed the action to federal court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity jurisdiction.

Pending before the Court are Plaintiff's two motions to remand. In one motion, Plaintiff contends that removal was improper because Fifth Third Bank did not file a written consent to removal. Motion to Remand for Defective Removal, Dkt. No. 24. In the other motion, Plaintiff contends that Luby's Notice of Removal fails to establish that the amount in controversy exceeds $75,000. Motion to Remand and to Stay, Dkt. No. 16. Defendants filed oppositions. Dkt. Nos. 27-28. Plaintiff filed a reply. Dkt. No. 29. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Plaintiff's motion to remand based on lack of written consent, Dkt. No. 24, will be denied, and Plaintiff's alternative motion to remand, Dkt. No. 16, will be granted.

Case No.: 5:22-cv-04180-EJD
ORDER GRANTING MOTION TO REMAND

1

## I.    BACKGROUND[1]

Plaintiff is a resident of California. Compl. ¶ 1. Fifth Third Bank is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Luby's Notice of Removal, Dkt. No. 1, ¶ 6. Luby is a resident of Missouri. *Id*. ¶ 7.

### A.    Allegations Against Fifth Third Bank

Plaintiff is President of Whispering Oaks RCF Management Co. Inc. ("Whispering Oaks"). *Id*. ¶7. In October 2008, Fifth Third Bank opened two business trust accounts for Whispering Oaks. Compl. ¶ 5. The purpose of the accounts was to hold funds for others who were under the care of Whispering Oaks. *Id*. ¶ 6. One of the trust accounts had Plaintiff and his secretary, Amanda Palazzolo ("Palazzolo"), as signatories. *Id*. ¶ 7. Plaintiff told Fifth Third Bank that Palazzolo should not have access to the funds in the trust account without his telephone authorization. *Id*. ¶¶ 9-10. Between January and July 2010, Palazzolo withdrew $9,000 from the trust account without Plaintiff's authorization. *Id*. ¶ 11. When Plaintiff notified Fifth Third Bank of the $9,000 withdrawal, it failed to conduct a timely investigation and instead gave Plaintiff "the run-around" for more than two years. *Id*. ¶¶ 13-15. Plaintiff replaced the misappropriated funds, and in return, Whispering Oaks assigned him a right to sue. *Id*. ¶ 23.

Based on the allegations above, Plaintiff asserts claims against Fifth Third Bank for breach of contract, negligence, violation of "Uniform Fiduciaries Law," fraud, "conspiracy to commit injury," and aiding and abetting. *Id*. ¶¶ 11, 25, 28, 32, 35-46, 67-76.

### B.    Allegations Against Luby

Defendant Luby represented Plaintiff in a suit for damages filed against Fifth Third Bank in the Circuit Court of St. Louis County, Missouri, related to Palazzolo's alleged unauthorized withdrawals ("Underlying Suit"). *Id*. ¶¶ 48-50. Plaintiff alleges that Luby (1) failed to familiarize himself with the facts of the Underlying Suit and applicable law, (2) withdrew as counsel while a motion for summary judgment was pending, (3) filed false papers with the court regarding his

---

[1] The Background is a brief summary of the allegations in the Complaint ("Compl."), Docket No. 1 at 7-20.

Case No.: 5:22-cv-04180-EJD
ORDER GRANTING MOTION TO REMAND

2

reasons for withdrawal, (4) failed to respond to Plaintiff's numerous inquiries about the status of the Underlying Suit, and (5) conspired with Fifth Third Bank's counsel to obtain summary judgment against Plaintiff. *Id*. ¶¶ 51-59. Based on the foregoing, Plaintiff asserts claims against Luby for legal malpractice, fraud and deceit, and "conspiracy to commit injury." *Id*. ¶¶ 47-72.

## II. STANDARDS

Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only state court actions that originally could have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). District courts have original jurisdiction over civil actions with diverse parties and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The party seeking removal bears the burden of establishing jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court strictly construes the removal statute against removal jurisdiction. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Indeed, federal courts are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566).

If a defendant removes a case from state court to federal court, the defendant bears the burden of proving that the amount in controversy is satisfied. *See Chajon v. Ford Motor Co.*, No. 18-10533 RGK, 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019). The allegations in the complaint dictate the defendant's burden. When a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, the amount in controversy requirement is presumptively satisfied unless it appears to a "legal certainty" that the plaintiff cannot actually recover that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996); *see also Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 755–56 (E.D. Mich. 1990) (noting that when a complaint is originally filed in state court, it is highly unlikely that the

1  plaintiff inflated her damages solely to obtain federal jurisdiction).  In contrast, if it is unclear from
2  plaintiff's complaint whether the requisite amount in controversy is pled, the removing defendant
3  bears the burden of establishing by a "preponderance of the evidence" that it is "more likely than
4  not" that the amount in controversy exceeds $75,000.  *See Sanchez*, 102 F.3d at 404; *Guglielmino*
5  *v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  Finally, if a state court complaint
6  affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the
7  party seeking removal must prove with legal certainty that the jurisdictional amount is met.
8  *Guglielmino*, 506 F.3d at 699.

## III.  DISCUSSION

Plaintiff contends removal was improper because Fifth Third Bank did not file a timely written consent to removal (Dkt. No. 24), and because Defendants fail to show by a preponderance of evidence that the amount in controversy more likely than not exceeds $75,000 (Dkt. No. 16).

### A.  "Rule of Unanimity"

"[A]ll the defendants must join in the application" for removal.  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (*Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)).  "A defendant or defendants desiring to remove any civil action" must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."  28 U.S.C. § 1446(a).  Federal Rule of Civil Procedure 11, in turn, provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record," and that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that . . . the factual contentions [therein] have evidentiary support. . . ."  Fed. R. Civ. Proc. 11 (a), (b).

Here, Luby's Notice of Removal states that he has "conferred with Defendant Fifth Third Bank, and Defendant Fifth Third Bank consents to the removal of this cause of action."  Defendant Edward F. Luby's Notice of Removal, Dkt. No. 1, ¶ 4.  This is sufficient to satisfy the rule of unanimity.  *Proctor*, 584 F.3d at 1225 ("One defendant's timely removal notice containing an

Case No.: 5:22-cv-04180-EJD
ORDER GRANTING MOTION TO REMAND
4

1  averment of the other defendants' consent and signed by an attorney of record is sufficient.").
2  Therefore Plaintiff's motion for remand based on a purported failure to comply with the rule of
3  unanimity (Dkt. No. 24) is denied.

### B.     Amount in Controversy

Luby contends that the compensatory damages, punitive damages, attorney's fees and costs of suit are cumulatively likely to exceed $75,000 based on the following. First, Luby cites to the Plaintiff's allegation that Palazzolo withdrew $9,000 without authorization. Compl. ¶ 11. Second, Luby contends that there is an agreement between Plaintiff and Fifth Third Bank that provides for an award of attorney's fees. *See* "Rules and Regulations, Applicable to All Fifth Third Accounts and Cards" (hereinafter "Rules and Regulations"), Ex. 1 to Opp'n, Dkt. No 28, ¶ 37. Luby estimates that Plaintiff will incur a minimum of $47,000 in attorney's fees. This estimate is based on an hourly rate of $250 for 15 hours to draft pleadings, 15 hours to attend hearings and conferences, 36 hours to conduct depositions, 20 hours to propound discovery, 30 hours to prepare pretrial materials, and 56 hours for trial. Third, Luby notes that Plaintiff seeks punitive damages, which he estimates could be as high as $25,000 based on the jury verdict reached in *Cockrill v. Robert E. Arnold III*, 13CY-CV04343, a suit filed in Clay County, Missouri. *See* Greater Kansas City Jury Service, Vol LI, No. 27, dated July 28, 2014, Ex. 2 to Opp'n, Dkt. No. 28.

The Court finds that the evidence cited above is inadequate to establish by a preponderance of evidence that the amount in controversy more likely than not exceeds $75,000. Luby has not presented any evidence to authenticate the Rules and Regulations. Furthermore, Luby has not presented any evidence to establish that the Whispering Oaks trust account at issue is subject to those Rules and Regulations. As to punitive damages, the *Cockrill* jury verdict reported in the Greater Kansas City Jury Service is insufficient to show that a potential $25,000 punitive damages award should be included in the calculation for the amount in controversy. The *Cockrill* case was tried in Missouri, not California. Moreover, the *Cockrill* jury did not award punitive damages for a fraud-based claim. Rather, the *Cockrill* jury awarded $25,000 in punitive damages for a violation of the Missouri Merchandising Practice Act. Therefore, the *Cockrill* jury verdict is

Case No.: 5:22-cv-04180-EJD
ORDER GRANTING MOTION TO REMAND
5

irrelevant to determining whether the amount in controversy in this case exceeds $75,000.

## IV. CONCLUSION

Plaintiff's motion for remand based on a purported failure to comply with the rule of unanimity (Dkt. No. 24) is DENIED. However, Plaintiff's motion to remand, Dkt. No. 16, is GRANTED. The Clerk of Court is directed to remand this action to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: October 31, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-04180-EJD
ORDER GRANTING MOTION TO REMAND

6